734 So.2d 1080 (1999)
STATE of Florida, DEPARTMENT OF CHILDREN AND FAMILIES, Appellant,
v.
S.H., Natural Mother of T.H., Appellee.
No. 98-02899.
District Court of Appeal of Florida, First District.
February 17, 1999.
Laura E. Anderson, Senior Attorney, Department of Children and Families, Panama City, for Appellant.
Tanya J. Higgins, Panama City, for Appellee.
PER CURIAM.
The Department of Children and Families appeals from an order dismissing a petition to terminate the parental rights of the appellee. We reverse and remand.
Section 39.4611, Florida Statutes (1997), provides that a petition for termination of parental rights must contain facts supporting the following allegations: (a) that at least one of the grounds listed in section 39.464 has been met; (b) that the parents of the child were informed of their right to counsel at all hearings that they attend and that a dispositional order adjudicating the child dependent was entered in any *1081 prior dependency proceeding relied upon in offering a parent a case plan as described in section 39.464; (c) that the manifest best interests of the child, in accordance with section 39.4612, would be served by the granting of the petition. Section 39.464(1)(f), Florida Statutes (1997), provides that a petition for termination of parental rights may be filed when a child has been adjudicated dependent, a case plan has been filed with the court, and the child continues to be abused, neglected, or abandoned by the parents. The failure of the parent to substantially comply for a period of 12 months after an adjudication of the child as a dependent child constitutes evidence of continuing abuse, neglect or abandonment unless the failure to substantially comply with the case plan was due either to the lack of financial resources of the parents or to the failure of the department to make reasonable efforts to reunify the family.
Section 39.467, Florida Statutes (1997), provides that in a hearing on a petition for termination of parental rights, the court shall consider the elements required for termination as set forth in section 39.4611. Section 39.4612, Florida Statutes (1997), provides that in a hearing on a petition for termination of parental rights, the court shall consider the manifest best interests of the child. This statutory provision sets out eleven factors to be considered by the court, in addition to any other factors that may be relevant.
In the present case, a hearing on the petition for termination of appellee's parental rights was held twenty-two months after the child was adjudicated dependent. The trial judge noted that appellee had not had any physical contact with the child for one year prior to the time the petition was filed. After noting that the appellee worked diligently on her Case Plan the first several months the child was in foster care, he observed that it "is clear that the mother abandoned the child after that in that by her own admission, the mother moved from Panama City to the State of Alabama on May 1, 1997, to the derailment of her progress on the Case Plan. The mother did not advise the foster care worker of her move, nor did she maintain regular contact with the case worker." The judge also noted that the Department made reasonable efforts to reunify the family and extended the appellee every assistance in succeeding towards having the child returned to her, and that the Guardian Ad Litem supported termination of parental rights. The judge expressed concern that the appellee did not physically visit with the child from April 1997 until April 1998, but noted that she suggested she was financially unable to do so. After setting forth these findings and observations, the trial judge then stated without explanation that the appellee should be given one more chance to complete a Case Plan and work towards reunification with her child.
The Department argued on appeal that the trial judge erred in dismissing the petition for termination of parental rights because the evidence presented supported a finding that the appellee continued to abandon her child. The Department also argued that to leave the child in foster care violated legislative intent.
We conclude that the order on appeal is insufficient for adequate appellate review. The trial judge did not clearly rule on the elements set forth in section 39.4611(1)(a) and (c). With regard to the exceptions for failure to comply with the case plan set forth in section 39.464(1)(f), the trial judge found that the Department made reasonable efforts to reunify the family. Although the trial judge noted in the order that the appellee suggested she was financially unable to physically visit the child, he did not actually find that she was unable to do so due to lack of financial resources. Although the Department set out allegations in the petition for termination regarding the factors set forth in section 39.4612 to be considered in determining the best interests of the child, and presented evidence regarding these factors at the *1082 hearing, the trial judge made no findings regarding the best interests of the child.
Because of the lack of specific findings regarding whether or not the trial judge found that one of the grounds listed in section 39.464 had been met and whether or not the manifest best interests of the child would be served by granting the petition, we are unable to determine whether the trial judge abused his discretion in dismissing the petition. We, therefore, reverse and remand for further consideration.
BARFIELD, C.J., LAWRENCE and BROWNING, JJ., CONCUR.